## Matthias Woolley

*v.*

## Caroline H. Pemberton et al.

An administrator *pendente lite*, whose function has ceased, and who alleges that he has, with all the parties' consent, applied the rents of the lands involved to paying the debts of the estate, and the costs incurred from time to time in a litigation over the probate of the will, to an amount exceeding the personal estate remaining in his hands, and that he is liable to be called to account for his expenditures of those rents, is entitled for his reimbursement to be subrogated to the creditors' rights against the lands of his testatrix, whether those lands are in the hands of the testatrix's devisee or her heirs-at-law, and a bill joining the devisee as a party defendant with the heirs-at-law is therefore not multifarious.

Bill for relief. On motion to dismiss bill &c.

*Mr. G. C. Beekman,* for the motion.

*Mr. W. A. Heisley, contra.*

The Chancellor.

This is a motion to dismiss the bill for want of equity and for multifariousness; or, if that should fail, to strike out specified parts of it. The suit is brought for relief in respect of the complainant's administration as administrator *pendente lite* of the estate of Mrs. Caroline Pemberton, deceased, late of Monmouth county. The administration became necessary because of the contest over the admission of Mrs. Pemberton's will to probate. The complainant, after his appointment, filed an inventory. The personal property was appraised at $5,334.96. By an arrangement between him and the defendants, Caroline, John and Henry Pemberton, the three children of the testatrix, the complainant was put in charge of the real estate during the litigation. That property consisted of three pieces, two in Long Branch and the

Woolley *v.* Pemberton.

other in Asbury Park. Only one piece was devised. That was given by the will to Caroline. The testatrix died intestate as to the others. The orphans court decreed that the will be admitted to probate, and directed that the costs and counsel fees (altogether $1,018.64) be paid out of the estate. With the consent and by direction of the three children, the complainant paid the counsel fees, $600, out of the rents in his hands. He paid nearly all of the debts out of the rents and the proceeds of some of the personal property. The children consented to such application of the rents. From the decree of the orphans court an appeal was taken to the prerogative court. The decree was affirmed, with direction that the costs of the appeal, which amounted to $453.83, be paid by the complainant out of the estate. Those costs have not been paid. There was an appeal from the prerogative court to the court of errors and appeals, by which latter court the decree of the former was affirmed, with costs to be paid out of the estate. The bill states that after the complainant had paid the costs in the orphans court and some of the debts, he was proceeding to sell the personal property to pay the costs of the litigation and the debts, and that then one of the children, Caroline, made a claim upon him for the whole of the personal property, except five shares of the stock of a building and loan association, valued at $900, as being her own property, and not the property of the testatrix, and threatened suit in case he should sell the property so claimed. He has not sold the property because of that claim and the evidence submitted to him in substantiation thereof. According to the bill, proceedings in partition were taken in this court to divide the undevised real estate among the three children, which proceedings resulted in the sale of the property. The complainant made application under the rules of the court for so much of the proceeds of the sale as would enable him to pay the debts and the costs of the litigation so paid by him out of the rents, and to pay so much of the costs as is still unpaid. This claim is resisted by John and Henry Pemberton, on the ground that that real estate is not liable for the debts or costs. The application is still pending. The complainant states that the proceeds of

the sale of the undevised property do not amount to enough to pay the costs of the litigation over the will. The complainant made no application to the orphans court for the sale of land to pay debts &c., because, until Caroline made claim as before stated, he supposed that the personal estate would be sufficient for the purpose. The complainant appears to be no longer administrator. He styles himself late administrator *pendente lite.* It was said on the argument of this motion that letters testamentary have been issued to Caroline under the will. The bill prays discovery from Caroline as to her title to the personal property claimed by her; that Caroline, John and Henry and the complainant may come to an account in this court in regard to the rents collected by the complainant, and the debts, costs and expenses paid by him therefrom; that this court will decree whether the debts, costs and expenses shall be paid out of the devised or the undevised real property; that it may be decreed that the personal property and the devised real estate, and the undevised real estate, or some of them, are liable for the payment of those debts, costs and expenses, and the expenses of the complainant's administration; that the devised land may be sold, if necessary, to make such payment, and that the account of the complainant's administration may be settled in this court. There is also the prayer for general relief.

It seems, from the statements of the bill taken together, that the children did not consent that the debts and expenses should be paid out of the rents, but that what they consented to was that the complainant, who was not in funds from the personal estate at the time, might use the rents to pay the debts and expenses upon the understanding that he was to repay them. In other words, they loaned the rents to him as administrator, for the purpose of enabling him thus to pay debts and expenses. The substance and merits of the bill are that the complainant, having, as administrator, borrowed money to pay the debts and costs for which the estate was liable, and having paid such debts and costs with the borrowed money, and being now liable to be called upon to repay the loan, and being out of office, and the testatrix's title to a great part of the personal estate being denied,

Woolley v. Pemberton.

so that he is without the means of indemnifying or protecting himself, calls upon this court for aid and protection in the premises. Under the circumstances he is entitled to such assistance. The litigation in reference to the will having been concluded, his functions as administrator are, with the exception of accounting for what he has received and paying or delivering over whatever, if anything, may appear to remain in his hands to the person or persons pronounced by the court to be entitled thereto for further administration, at an end. *Re Graves*, 1 *Hagg. 313; Benson* v. *Wolf, 14 Vr.* 78. If he has paid the debts of the estate and the costs of the litigation to an amount exceeding the personal estate of the testatrix, he is entitled to be subrogated to the rights of the creditors against the lands of the testatrix, and may subject the lands in the hands of the heirs, and the land in the hands of the devisee, if necessary, to the payment of the money necessary to his reimbursement. *Sheld. Sub.* § *202; Livingston* v. *Newkirk, 3 Johns. Ch. 312 ; Bray* v. *Neill, 6 C. E. Gr. 343.* Recourse to this court is necessary in this case, not only to obtain equitable subrogation and to marshal the assets, but in order to reach some of them (the proceeds of sale of the undevised lands) which are in this court.

Nor is the bill liable to the objection of multifariousness. The land, devised as well as the lands descended were, by agreement of the parties, put into the complainant's hands to be managed by him during the litigation over the will. For want of funds from the personal estate at the time, he, as before stated, with the consent of the children, applied the rents to the payment of the debts and the costs of the litigation, and he is liable to be called to account by the children for those rents. It is proper, under the circumstances, that the account for such rents and of the disposition thereof be in this court and in this suit, not only because the complainant expended the rents in payment of the debts and costs, thus applying them for the benefit of the estate, in discharging obligations which primarily were chargeable upon the personal estate, but also in order that the respective equitable rights of the parties entitled to the lands (all of whom are before the court), with regard to such application of the rents to the

payment of the debts and costs, may be established and enforced. The subject of the rents is not distinct and unconnected with the other matters in the bill, but the contrary. The defendants are all of them interested in all the matters which form the subject of the suit, and those matters are all connected with the complainant's administration.

The motion will be denied, with costs.